﻿Citation Nr: AXXXXXXXX
Decision Date: 12/06/18 Archive Date: 12/06/18

DOCKET NO. 180823-124
DATE: December 6, 2018
REMANDED
Entitlement to an effective date prior to May 18, 2010 for a total disability rating due to unemployability (TDIU) is remanded.
REASONS FOR REMAND
The Veteran served on active duty from March 1969 to January 1973 and January 1991 to April 1991. This matter came before the Board of Veterans Appeals (Board) on appeal from a September 2017 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO). 
The Veteran opted in to the Rapid Appeals Modernization Program (RAMP) in March 2018 and elected Higher Level Review (HLR). A July 2018 HLR Decision granted TDIU effective May 18, 2010. The Veteran appealed to the Board in August 2018 and selected the Direct Review docket. 
The Board notes that the July 2018 HLR decision also granted basic eligibility to Dependent’s Educational Assistance effective May 18, 2010. However, when the Veteran filed his August 2018 appeal to the Board, he limited his appeal to the issue of an earlier effective date for TDIU. The issue of eligibility to Dependents Educational Assistance is therefore not before the Board.
On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.
Entitlement to an effective date prior to May 18, 2010 for a total disability rating due to unemployability is remanded.
The issue of entitlement to TDIU prior to May 18, 2010 is remanded to correct a duty to assist error that occurred prior to the July 2018 HLR decision on appeal, when the AOJ declined to refer the assignment of a TDIU rating for the period from March 30, 2007 to May 18, 2010 for extraschedular consideration. However, based on the evidence associated with the claim file prior to the July 2018 HLR decision, the Board finds that referral to appropriate VA officials for extraschedular consideration of the assignment of a TDIU rating is warranted.
The Veteran contends that he is entitled to TDIU on an extraschedular basis for the period from March 30, 2007 to May 18, 2010 as his service connected disabilities rendered him unemployable. 
The Veteran has already been found unemployable due to service connected disabilities and granted TDIU as of May 18, 2010, the date that he met the schedular criteria with a combined rating of 80 percent. For the period from March 30, 2007 to May 18, 2010, the Veteran had a combined disability rating of 60 percent for cervical spine arthritis, lumbar spine arthritis, tinnitus, left upper extremity neuropathy associated with the cervical spine, right upper extremity neuropathy associated with the cervical spine, and bilateral hearing loss. Therefore, the Veteran did not meet the schedular requirements for TDIU from March 30, 2007 to May 18, 2010. 38 U.S.C. § 1155; 38 C.F.R. § 4.16(a). 
When a veteran is unable to secure and follow a substantially gainful occupation due to service-connected disabilities, but fails to meet the percentage requirements for TDIU set forth in 38 C.F.R. § 4.16 (a), the case may be referred to appropriate VA officials for extraschedular consideration of the assignment of a TDIU rating. 38 C.F.R. § 4.16 (b). The Board does not have the authority to assign an extraschedular total disability rating based on individual unemployability in the first instance. Bowling v Principi, 15 Vet. App. 1 (2001).
A November 2007 VA spine examination noted limits with frequent bending, stooping and lifting heavy weight. The examiner noted range of motion limitations but found that there was no pain on motion. The examiner declined to offer an opinion regarding impact on occupation as the Veteran was retired. 
A November 2007 VA audio examination found moderate to severe hearing loss in the right ear and mild to moderate hearing loss in the left ear. The examiner did not offer an opinion regarding impact on occupation.
The Veteran submitted a May 2010 Independent Medical Expert (IME) opinion regarding his physical disabilities. Regarding the Veteran’s cervical spine, the IME noted that June 2004 MRI results showed severe degenerative changes and spinal stenosis of the cervical spine. Range of motion testing found forward flexion of the cervical spine limited at worst to 15 degrees. Regarding the lumbar spine, the IME noted June 2004 MRI showing advanced degenerative disc disease and range of motion testing showed forward flexion limited at worst to 15 degrees. The IME also noted the Veteran’s bilateral ulnar neuropathy, his loss of control of bowel and bladder with daily leakage associated with his spinal condition, and his hearing loss and tinnitus. The IME concluded that he Veteran’s physical disabilities rendered him unable to engage in employment of any type. The IME further opined that the Veteran had been unable to secure or maintain employment “for several years.” 
The Veteran also submitted a December 2010 addendum opinion from the same provider who submitted the May 2010 IME. The addendum clarified that the provider’s opinions were based upon the Veteran’s historical medical records, imaging reports, the Veteran’s lay statements and a review of medical literature. The opinion also noted pain radiating to both shoulders and down the left leg, as well as pain in the hands and arms and loss of sensation and strength. The examiner reiterated the opinion that the Veteran was unemployable due to service-connected disabilities and had been so for several years. 
The Veteran has also submitted lay statements regarding his unemployability. In a May 2010 statement, the Veteran stated that he had been unable to work for the past three years due to his chronic neck and back pain and loss of sensation and strength in his arms and hands. He noted that he was unable to walk, stand or sit for any length of time due to neck and back pain. He also reported loss of bowel and bladder control and daily leakage. A May 2010 statement from the Veteran’s wife confirmed symptoms such as loss of strength in hands and difficulty with activities such as buttoning a shirt. She also noted difficulty sitting for more than 15 or 20 minutes at a time and loss of some control of the bowels and bladder. 
In sum, the November 2007 examiners declined to offer an employability opinion. In contrast, the May 2010 IME found that the Veteran had been unemployable due to his physical disabilities for several years based upon his physical, service-connected disabilities. The Board also notes the competent lay evidence of record that the Veteran’s service connected lumbar spine disability limited his ability to sit and caused daily bladder and bowel control problems, and that his service-connected bilateral ulnar neuropathy limited use of his bilateral upper extremities. Accordingly, the Board finds that the criteria for referral of the claim for extraschedular consideration of a TDIU rating have been met.
The matters are REMANDED for the following action:
Refer the case to the Director, Compensation Service, for an extraschedular determination as to whether the Veteran is entitled to an extraschedular total disability rating based on individual unemployability due to service-connected disability, in accordance with the provisions of 38 C.F.R. § 4.16 (b), for the period from March 30, 2007 to May 18, 2010. The rating board should include a full statement as to the Veteran’s service-connected disability, employment history, educational and vocational attainment and all other factors having a bearing on the issue.
 
E. I. VELEZ
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD A. Arnold, Associate Counsel